IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KIM ANTHONY POLONCZYK,            :

    Plaintiff,                :

vs.                               :    CIVIL ACTION 14-0327-WS-M

CAROLYN W. COLVIN, *et al.*,      :

    Defendants.               :


REPORT AND RECOMMENDATION


    Plaintiff, who is proceeding *pro se*, filed a Complaint together with a Motion to Proceed Without Prepayment of Fees ("Motion"). (Docs. 1, 2). Plaintiff's Motion was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1), which provides for the automatic referral of non-dispositive pretrial matters to a Magistrate Judge. By filing this Motion, Plaintiff is requesting the Court to grant him *in forma pauperis* status under 28 U.S.C. § 1915. A plaintiff proceeding under this section submits his Complaint for screening under § 1915(e)(2)(B) to determine if the Complaint should be dismissed because it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a person immune from such relief. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th

Cir. 2002) (affirming the application of 28 U.S.C. § 1915(e)(2)(B) to non-prisoner actions). In screening this action, the Court questioned whether it had subject matter jurisdiction over Plaintiff's action, and after reviewing the Complaint, the Court finds that it lacks subject matter jurisdiction over Plaintiff's action and recommends that the action be dismissed without prejudice.

I. Applicable Law.

The Court's first consideration is to inquire into its jurisdiction, *United States v. Denedo*, 556 U.S. 904, 909, 129 S.Ct. 2213, 2219, 173 L.Ed.2d 1235 (2009), as its jurisdiction is limited by the Constitution or Congress to hear only certain actions. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction is lacking. *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410

(11th Cir. 1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

II. <u>Complaint</u>. (Doc. 1)

Plaintiff names as Defendants, Carolyn Colvin, Acting Commissioner of Social Security; Michael J. Astrue, Commissioner of Social Security; and the United States Department of Social Security. (Doc. 1 at 1). The jurisdictional grounds for his action are identified as: "18 USC&167 Section 1621, Rules of Civil Procedure specifically 19 & 20, 28 U.S.S. g 1345(b), 2671-2680 Federal Tort Claims Act ["FTCA"] 95-717." (*Id.*).

Plaintiff alleges that his action is brought against the "co-conspirators/defendants who have participated in a 30 year plus long torture of the plaintiff and [who] show no signs of letting up without a strict and severe court intervention." (*Id.*). In 1990, Plaintiff alleges that he suffered a brain hemorrhage, which rendered him severely disabled. (*Id.*). Plaintiff maintains that Defendants' conspiracy removed his disability pay in 1998, which was done without a hearing or sending him to a legitimate medical doctor, and that "the abuse and bullying" continues. (*Id.*). In 2010, Plaintiff claims that

3

he regained his disability pay by paying for his own tests and an examination by a neurologist, who provided a report to Social Security Disability. (*Id.* at 1-2). On rehearing, his neurologist's tests were used, as Defendant Astrue and the co-conspirators ignored the tests by the University of Texas that were previously provided. (*Id.* at 3). Plaintiff advises that he has severe brain tissue damage caused by bleeding and several operations. (*Id.*).

Plaintiff contends that when his action against Defendant Astrue and Social Security, *Polonczyk v. Michael J. Astrue,* 6:12cv03472-ODS Missouri, an FTCA action, was on appeal Defendant Colvin added her name to the action. (*Id.*).[1] The

---

[1] PACER ("Public Access to Court Electronic Records") indicates that in *Polonczyk v. Astrue,* 6:12-cv-03472-ODS (W.D. Mo. Feb. 20, 2013), *aff'd, Polonczyk v. Carolyn W. Colvin, Acting Commissioner, et al.,* App. No. 13-1579 (8th Cir. July 17, 2013), Plaintiff filed a complaint based on the FTCA. (Docs. 1, 9 at 1-2). The district court, in dismissing the action for lack of subject matter jurisdiction, held: (1) review of the Commissioner's final decision denying an application for Social Security benefits is untimely pursuant to 42 U.S.C. § 405(g); (2) the doctrine of sovereign immunity bars the suit against the Commissioner; and (3) Plaintiff failed to exhaust administrative remedies under the FTCA. (*Id.* at 3-5). Plaintiff appealed the decision to the Eighth Circuit Court of Appeals, which affirmed the district court's decision and agreed that subject matter jurisdiction was lacking. (Doc. 22, *Polonczyk v. Colvin, et al.,* App. No. 13-1579).
   All the case numbers contained in the present complaint relate to this prior action and its appeal. In addition to this prior action, PACER reflects that Plaintiff in the past has

4

filed numerous other actions in several jurisdictions. For example,

1. *Polonczyk v. Marilyn Polonczyk Graham, et al.,* 1:01-cv-09911 (N.D. Ill. Jan 2, 2002)(dismissed for lack of subject matter jurisdiction).
2. *Polonczyk v. Marilyn Graham,* 4:01-cv-00863-A-BE (N.D. Tex. Oct. 29, 2001) (dismissed for lack of subject matter jurisdiction over a child custody case).
3. *Polonczyk v. City of Fort Worth,* 4:02-cv-00898-A (N.D. Tex. Nov. 7, 2002) (dismissed for failure to state a claim).
4. *Polonczyk v. State of Texas, et al.,* 4:02-cv-00956-A (N.D. Tex. Nov. 26, 2002)(dismissed for lack of jurisdiction).
5. *Polonczyk v. Marilyn Polonczyk, et al.,* 1:03-cv-00313 (N.D. Ill. Jan. 17, 2003) (dismissed for lack of subject matter jurisdiction over an appeal from a state appellate court), *dismissed and aff'd* (8th Cir. Mar. 31, 2003).
6. *Polonczyk v. The City of Fort Worth, et al.,* 4:03-cv-0043-Y (N.D. Tex. Nov. 20, 2003) (dismissed with prejudice as being barred by *Heck v. Humphrey*).
7. *Polonczyk v. City of Fort Worth, et al.,* 5:03-cv-00834-FB (W.D. Tex. Aug. 29, 2003) (transferred case for joinder with pending case in Fort Worth Division, Northern District of Texas).
8. *Polonczyk v. City of Fort Worth, et al.,* 7:03-cv-00129-RAJ (W.D. Tex. Sept. 11, 2003) (transferred case for joinder with pending case in Fort Worth Division, Northern District of Texas).
9. *Polonczyk v. City of Fort Worth, et al.,* 4:03-cv-01128-Y (N.D. Tex. Oct. 9, 2003) (dismissed action as duplicative and warned plaintiff that he will be subject to sanctions should he file another action that is identical to an action in another district).
10. *Polonczyk v. Marilyn Polonczyk, et al.,* 4:03-cv-04089-HFB (W.D. Ark. Oct. 3, 2003) (dismissed action as frivolous).
11. *Polonczyk v. Marilyn Polonczyk, et al.,* 5:03-cv-01111-FB (W.D. Tex. May 14, 2004) (dismissed with prejudice for lack of jurisdiction and precluded plaintiff from filing a lawsuit in federal court arising from the Illinois state court proceeding), *dismissing appeal* (5th Cir. July 13, 2004).
12. *Polonczyk v. State of Texas, et al.,* 7:03-cv-00171-RAJ (W.D. Tex. Dec. 15, 2003) (dismissed action with prejudice *sua sponte*).
13. *Polonczyk v. City of Fort Worth, et al.,* 6:04-cv-00134-

court, without following the rules for joining parties, sent him a notice that his action's title was changed to include Defendant Colvin. (*Id.*). Plaintiff avers that "[t]he Conspiracy had launched a lawless attack on the plaintiff over 20 years ago and has continued under the protection of the

---

WSS (W.D. Tex. (transferred to Forth Worth Division, Northern District of Texas), *appeal dismissed* (5th Cir. Sept. 7, 2004).
    14. *Polonczyk v. City of Fort Worth, et al.*, 4:04-cv-00564-Y (N.D. Tex. Sept. 23, 2004)(dismissing action without prejudice for failure to pay the $150 filing fee after being denied IFP status for abusing the IFP privilege as a frequent filer).
    15. *Polonczyk v. State of Arkansas, et al.*, 1:08-cv-00284-LG-RHW (S.D. Miss. Sept. 9, 2008) (dismissed for lack of jurisdiction).
    16. *Polonczyk v. United States Social Security Disability,* 1:10-cv-00250-LG-RHW (S.D. Miss. Apr. 11, 2011) (dismissed without prejudice for lack of jurisdiction and recounted plaintiff's history with the Social Security Administration).
    17. *Polonczyk v. United States Social Security Disability, et al.*, 3:11-cv-00207-MCR-EMT (N.D. Fla. June 10, 2011) (dismissed action for improper venue).
    18. *Polonczyk v. Astrue, et al.*, 6:12-cv-03472-ODS (W.D. Mo. Feb. 20, 2013) (dismissed action for lack of subject matter jurisdiction), *aff'd, Polonczyk v. Colvin, et al.*, No. 13-1579 (8th Cir. July 17, 2013).
    19. *Polonczyk v. Equifax, et al.*, 6:13-cv-03013-GAF (W.D. Mo. Jul 17, 2013)(dismissed for failure to serve).
    20. *Polonczykk v. Mediacom LLC, et al.*, 6:13-cv-03214-GAF (W.D. Mo. October 28, 2013)(dismissed for plaintiff's failure to show cause).
    21. *Polonczyk v. Winn Dixie, Tillmans Corner, et al.*, 1:14-00074-WS-N (S.D. Ala. Apr. 4, 2014) (Plaintiff voluntarily dismissed his RICO and ADA complaint which was based on the failure to timely fill his prescribed medication for his disability).
    22. *Polonczyk v. Toyota Motor Corp., et al.*, 1:14-cv-00362-WS-M (S.D. Ala. pending) (claiming that the conspiratorial defendants failed on numerous occasions to provide him with a coupon book to make his monthly payments).

6

federal government and the cover-up of various court systems burying it when the plaintiff has attempted to bring it to light in the past." (*Id.*).

In the appeal (No. 13-1579) of *Polonczyk,* 6:12-cv-03472-ODS, Plaintiff claims that Defendant co-conspirators and the court system in Missouri perjured themselves by signing briefs that allege Plaintiff never had a medical disability. (*Id.* at 3). "The Appellate court ruled that the perjury was moot because the judge was going to rule against the plaintiff anyway." (*Id.*). Plaintiff maintains that Defendant Colvin should have investigated his past to learn that he had a medical disability before she signed the brief. (*Id.*). The trial judge ruled that Plaintiff's "objections were not specific to the documents filed"; however, the first time Plaintiff received a copy of the filed documents was in the briefs filed by Defendant. (*Id.*). The appellate court also prohibited Plaintiff from including any evidence in the appendix. (*Id.* at 4). Plaintiff claims that Defendant Colvin mentioned in a heading that the judge, attorney general, and prosecuting attorney perjured themselves by claiming that Plaintiff never had a medical disability. (*Id.*).

For relief, Plaintiff seeks $1,125,250.00, which is an amount that will "recapture" his lost income and medical

7

expenses for the period of time during which his disability pay was removed; the removal of the two Commissioners from office and them being found to be ineligible for future appointment to the federal government; and whatever remedies to which he is entitled.

III. Lack of Subject Matter Jurisdiction.

   A. Identification of Jurisdictional Basis.

Plaintiff identified several cites for a jurisdictional basis for this action. However, his reference to the FTCA is the only plausible basis for jurisdiction. That is, 18 U.S.C. § 167 does not exist, and Rules 19 and 20 of the Federal Rules of Civil Procedure do not provide a basis for the federal jurisdiction. *Diaz v. Sheppard,* 85 F.3d 1502, 1505 n.3 (11th Cir.) ("We note that the Federal Rules of Civil Procedure do not create an independent basis for federal subject matter jurisdiction."), *cert. denied,* 520 U.S. 1162 (1997). And 18 U.S.C. § 1621 provides a criminal offense for perjury as well as its punishment, but no civil remedies are provided. *Hanna v. Home Ins. Co.,* 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit as [t]hey are criminal in nature and provide no civil remedies."),[2] *cert.*

---

[2] The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the

8

*denied*, 365 U.S. 838 (1961). Furthermore, 28 U.S.C. § 1345 does not have subpart (b), and this section provides that district courts shall have original jurisdiction over actions commenced by the United States, its agency, or officer, which is not relevant to the present action.

Plaintiff mentions that the FTCA provides a jurisdictional basis for this action and cites to 28 U.S.C. §§ 2671-2680. Perhaps Plaintiff intended to cite to 28 U.S.C. § 1346(b) instead of the non-existent 28 U.S.C. § 1345(b), as the FTCA is located at 28 U.S.C. §§ 1346(b), 2671-2680. *Pierce v. United States,* 813 F.2d 349, 351 (11th Cir. 1987). The Court will examine whether the Federal Tort Claims Act provides a jurisdictional basis for this action.

Section 1346(b)(1) provides:

> (b)(1) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission

---

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

>           of any employee of the Government while
>           acting within the scope of his office or
>           employment, under circumstances where the
>           United States, if a private person, would be
>           liable to the claimant in accordance with
>           the law of the place where the act or
>           omission occurred.

28 U.S.C. § 1346(b)(1). This section provides for monetary damages against the United States for the actions of an employee who was acting within the scope of employment. *United States v. Smith,* 499 U.S. 160, 161-62, 111 S.Ct. 1180, 1183, 113 L.Ed.2d 134 (1991).

   B.   <u>Section 405(h)'s Bar to a Claim Under the FTCA</u>.

   A claim under the FTCA, however, is limited by 42 U.S.C. § 405(h), which holds:

>           The findings and decision of the
>           Commissioner of Social Security after a
>           hearing shall be binding upon all
>           individuals who were parties to such
>           hearing. No findings of fact or decision of
>           the Commissioner of Social Security shall be
>           reviewed by any person, tribunal, or
>           governmental agency except as herein
>           provided. *No action against the United
>           States, the Commissioner of Social Security,
>           or any officer or employee thereof shall be
>           brought under section 1331 or 1346 of Title
>           28 to recover on any claim arising under
>           this subchapter.*

42 U.S.C. § 405(h)(emphasis added).

   The limitation under § 405(h) applies to the action at hand. Plaintiff is suing the "United States Department of Social

Security" and two Social Security Commissioners. Plaintiff is seeking to recover $1,125,250.00 in order to "recapture" his loss of income and expenditure for medical expenses during the time that his Social Security disability pay was removed. Clearly, Plaintiff's action comes within the scope of 42 U.S.C. § 405(h), which prevents Plaintiff from establishing this Court's jurisdiction under the FTCA. *Raczkowski v. United States,* 138 F. App'x 174, 174 (11th Cir. 2005) (unpublished).[3]

In *Raczkowski*, the district court dismissed the plaintiff's FTCA's claim that was based on the Social Security Administration's "determination and recoupment of old-age insurance benefits." (*Id.* at 174). The Eleventh Circuit affirmed the lack-of-subject-matter-jurisdiction dismissal finding that the plaintiff's claim arose under the FTCA and, therefore, 42 U.S.C. § 405(h) barred the plaintiff from asserting subject matter jurisdiction under the FTCA. (*Id.*). In addition, the Court of Appeals observed that 42 U.S.C. § 405(g) provides for judicial review of a decision by the Commissioner of Social Security, which must be commenced within sixty days after notice of the decision is mailed or whenever the Commissioner may allow.

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

(*Id.*). With the sixty-day period from the Commissioner's denial of benefits having expired, the Court observed that the remedy was no longer available to the plaintiff. (*Id.*).[4]

For the reason that 42 U.S.C. § 405(h) bars the review of the Commissioner of Social Security's decision in an FTCA action, the undersigned finds that the Court lacks subject matter jurisdiction over this FTCA action.

C. Deficient Conspiracy Allegations.

The Court notes that the foregoing determination is dispositive of this action and that allegations of a conspiracy will not save it. In the present Complaint a conspiracy was alleged, but the conspiracy claim is deficient and insubstantial. Plaintiff alleges that Defendants conspired but does not provide

---

[4] In passing the Court notes that the present action has the tenor of being an out-of-time appeal to the United States Supreme Court of the decision in *Polonczyk v. Astrue,* 6:12-cv-03472-ODS (W.D. Mo. Feb. 20, 2013), *aff'd, Polonczyk v. Carolyn W. Colvin, Acting Commissioner, et al.,* App. No. 13-1579 (8th Cir. July 17, 2013), in which Plaintiff was denied relief under the FTCA. Plaintiff had sought to recoup money and expenses for the fifteen years that he did not receive Social Security disability, which is what he seeks in this action. (Doc. 1-2 at 8). It is also observed by the Court that Plaintiff was advised of the requirements for properly pleading a claim under the FTCA in CA 6:12-cv-03472-ODS (Doc. 9 at 4-5). Nonetheless, in the present action, he ignored the pleading instructions that were imparted to him by the United States District Court in Missouri by continuing to name the Social Security Agency and Commissioners as Defendants and by failing to demonstrate exhaustion under the FTCA.

12

detailed facts of the conspiracy except for facts that highlight some of the legal proceedings related to his Social Security claim. However, "parallel conduct does not suggest a conspiracy[.]" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 1966 (2007). "[A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Id.* at 556, 127 S.Ct. at 1966. The allegations must convey that a conspiracy claim is plausible by pleading facts that would lead to the conclusion "of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id.*; *Harvey v. Harvey,* 949 F.2d 1127, 1133 (11th Cir. 1992) ("merely stringing together the discrete steps of the commitment process, without showing contacts between [defendants]" does not plead a conspiracy).

In the present action, Plaintiff merely asserts that Defendants conspired without providing any facts to support a plausible claim of conspiracy separate from the legal proceedings surrounding his Social Security claim. Plaintiff's claim of conspiracy is, therefore, conclusory and, as a consequence, fails to state a claim. *Fullman v. Graddick*, 739 F.2d 553, 556-56(11th Cir. 1984) (a vague and conclusory conspiracy allegation fails to state a claim upon which relief can be granted).

13

With respect to one particular point, the substitution of one Commissioner for another Commissioner in the style of a lawsuit, does not indicate a conspiracy. Rule 25(d) of the Federal Rules of Civil Procedure provides for the substitution of one official for another when defendant official leaves office. Rule 25(d) states:

> (d) Public Officers; Death or Separation from Office. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

FED.R.CIV.P. 25(d); *see McCormick v. Colvin,* No. 4:12-CV-4032-SLB, 2014 WL 931968, at n.1 (N.D. Ala. Mar. 10, 2014) (unpublished) ("Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit: 'Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.'").

D. <u>Improper Defendants and Failure to Exhaust</u>.

In the alternative, this action is due to be dismissed for lack of subject matter jurisdiction for other reasons. Plaintiff names as Defendants Carolyn Colvin, Acting Commissioner of Social Security; Michael J. Astrue, Commissioner of Social Security; and United States Department of Social Security. These Defendants are not proper Defendants for an action under the FTCA. *Galvin v. Occupational Safety & Health Admin.,* 860 F.2d 181, 183 (5th Cir. 1988)("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). "[A]n FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.*; *McCorvey v. United States,* CA No. 12-00757-KD-C, 2014 WL 4594475, at *8 (S.D. Ala. 2014) (unpublished) (same). Furthermore, the FTCA requires exhaustion of remedies. 28 U.S.C. § 2675(a). "This requirement is jurisdictional, and failure to exhaust administrative prevents judicial review of a tort claim against the United States." *Scarbrough v. Astrue,* 327 F. App'x 827, 829 (11th Cir. 2009) (unpublished). Plaintiff has not demonstrated exhaustion of the issues raised in the present Complaint. For these

additional reasons, the Complaint is due to be dismissed for lack of subject matter jurisdiction.

IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction over Plaintiff's action. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) (holding that the district court's dismissal should be without prejudice because the court lacked subject matter jurisdiction over the action).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2013). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made,

state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 8th day of October, 2014.

s/BERT W. MILLING, JR.<br>UNITED STATE MAGISTRATE JUDGE