# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KIM ANTHONY POLONCZYK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 14-0327-WS-M |
| ) | |
| CAROLYN W. COLVIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This closed civil action comes before the Court on *pro se* plaintiff Kim Anthony Polonczyk's filing styled "Objection to Premature Dismissal and Request for Reconsideration" (doc. 9).

On October 8, 2014, Magistrate Judge Milling entered a Report and Recommendation (doc. 3), in which he concluded that Polonczyk's lawsuit against named defendants Carolyn Colvin, Acting Commissioner of Social Security; Michael J. Astrue, Commissioner of Social Security; and the United States Department of Social Security, should be dismissed without prejudice for lack of subject matter jurisdiction. Polonczyk filed Objections, in which he asserted that federal jurisdiction was proper because "[t]he federal court is the only arena the plaintiff has to remedy this situation and has the subject matter to see over the actions of federal employees as they exercise their duties." (Doc. 5, at 2.) Upon review of the matter, this Court overruled the plaintiff's Objections, adopted the Report and Recommendation, and entered an Order (doc. 7) and Judgment (doc. 8) dismissing this action without prejudice for lack of subject matter jurisdiction.

Now, Polonczyk files what he calls an "Objection to Premature Dismissal and Request for Reconsideration," which the Court will liberally construe as a motion for reconsideration pursuant to Rule 59(e), Fed.R.Civ.P. In his Rule 59(e) Motion, Polonczyk reiterates his contention that federal subject matter jurisdiction is proper, citing 28 U.S.C. § 1331 and asserting that this action arises under the U.S. Constitution.

Plaintiff's Motion fails for two distinct and independent reasons. First, his request for reconsideration is procedurally improper because it does not comport with the stringent legal standard governing such motions. A dissatisfied federal litigant is not entitled to reconsideration of anything and everything, merely because he or she disagrees with a court's ruling or thought of something else to say. To the contrary, "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (citation and internal marks omitted); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (similar). Authority is legion for the proposition that motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (citation omitted).[1] Rule 59(e) motions do not afford an unsuccessful litigant "two bites at the apple." *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985). Nor are such motions properly filed "as a kneejerk reaction by a dissatisfied federal court loser." *Lee v. Thomas*, 2012 WL 3137901, *2 (S.D. Ala. Aug. 1, 2012).[2] "They are neither appeal substitutes

---

[1] *See also Smith v. Ocwen Financial*, 2012 WL 3758378, *2 (11th Cir. Aug. 30, 2012) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.") (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (similar); *Kight v. IPD Printing & Distributing, Inc.*, 2011 WL 2015055, *1 (11th Cir. May 24, 2011) (motion for reconsideration properly denied where movant "merely attempted to relitigate old matters and presented evidence that could have been raised prior to the entry of judgment"); *Morton v. Astrue*, 2010 WL 2130613, *3 (11th Cir. May 27, 2010) ("In his motion to alter or amend judgment, … Morton merely attempted to reargue factual issues previously decided by the district court. The district court therefore did not abuse its discretion in denying the motion."); *Dyas v. City of Fairhope*, 2009 WL 5062367, *3 (S.D. Ala. Dec. 23, 2009) ("Motions to reconsider … do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted. They do not, in short, serve to relieve a party of the consequences of its original, limited presentation.").

[2] *See also Hughes v. Stryker Sales Corp.*, 2010 WL 2608957, *2 (S.D. Ala. June 28, 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing party thinks the District Court got it wrong," but finding that they are "an extraordinary remedy" that must be "employed sparingly") (citations omitted); *Garrett v. Stanton*, 2010 WL 320492, *3 (S.D. Ala. Jan. 18, 2010) ("Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license … to relitigate issues that have
(Continued)

nor a 'dry run' to test arguments in anticipation of a forthcoming appeal." *Id.* In his Motion, Polonczyk rehashes jurisdictional arguments that either (i) were considered and rejected previously, or (ii) could have been raised previously but were not. Either way, the "Request for Reconsideration" falls outside the narrow parameters in which Rule 59(e) relief may be appropriate.

Second, even if Polonczyk's Rule 59(e) Motion were procedurally proper, it would nonetheless fail on the merits. The Report and Recommendation (which this Court adopted *in toto*) explained in some detail why federal jurisdiction over this action is barred by 42 U.S.C. § 405(h), particularly the provision reading as follows: "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." *Id.* (*See* doc. 3, at 10-12.) Nothing in the Rule 59(e) Motion would alter or undermine the reasoning and conclusions of the Report and Recommendation that subject matter jurisdiction is lacking here. Thus, plaintiff has made no showing why reconsideration would change anything, much less yield a different outcome.

For all of the foregoing reasons, petitioner's Motion to Reconsider filed pursuant to Rule 59(e) (doc. 9) is **denied**.

DONE and ORDERED this 29th day of October, 2014.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE

---

already been decided, to champion new arguments that could have been made before, and otherwise to attempt a 'do-over' to erase a disappointing outcome. This is improper.").