# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KIM ANTHONY POLONCZYK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0327-WS-M |
| | ) |
| CAROLYN W. COLVIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on plaintiff Kim Anthony Polonczyk's Motion to Proceed without Prepayment of Fees (doc. 12). In that document, Polonczyk, a free-world plaintiff who is proceeding *pro se*, requests leave to proceed on appeal without prepayment of fees and costs.

Polonczyk initially brought this action for money damages against named defendants Carolyn W. Colvin, Acting Commissioner of Social Security; Michael J. Astrue, Commissioner of Social Security; and the United States Department of Social Security. Plaintiff seeks to recover more than $1 million from these defendants for medical expenses and loss of income during the time that his Social Security disability pay was discontinued. In a Report and Recommendation (doc. 3) entered on October 8, 2014, Magistrate Judge Milling concluded that this action should be dismissed without prejudice because, *inter alia*, federal law precludes any action pursuant to the Federal Tort Claims Act "against the United States, the Commissioner of Social Security, or any officer or employee thereof … under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h); *see also Raczkowski v. United States*, 138 Fed.Appx. 174, 175 (11th Cir. June 13, 2005) (where plaintiff sued for benefits under Social Security Act, concluding that "§ 405(h) bars him from asserting jurisdiction under the FTCA"). By Order (doc. 7) and Judgment (doc. 8) entered on October 16, 2014, this Court overruled Polonczyk's objections, adopted the Report and Recommendation, and dismissed this action without prejudice. On October 29, 2014, the undersigned entered a

second Order (doc. 10) denying Polonczyk's motion to reconsider and reiterating that subject matter jurisdiction is lacking under a straightforward reading of § 405(h).

Polonczyk filed a Notice of Appeal (doc. 11) on November 10, 2014, suggesting that this Court "missed the fact or intentionally did not bring the up the fact" that jurisdiction exists under 28 U.S.C. § 1346. (Doc. 11, at 1.) To the contrary, far from "missing" such a fact, the Report and Recommendation and the October 29 Order both explained in detail why § 1346 does not confer subject matter jurisdiction in this case. Thus, Polonczyk's appeal is grounded in a false premise. Be that as it may, he seeks leave to proceed *in forma pauperis* on appeal.

Even if a petitioner is economically eligible, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous. *See United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F. Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same).

For the reasons stated *supra*, as well as those set forth in the Report and Recommendation and the October 29 Order, the undersigned hereby **certifies** that Polonczyk's contemplated appeal is plainly frivolous and therefore not taken in good faith for purposes of § 1915(a)(3). Accordingly, the Motion to Proceed without Prepayment of Fees (doc. 12) on appeal is **denied**.

DONE and ORDERED this 12th day of November, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE